53 Cal.App.4th 1234 (1997)
In re JONATHAN M., a Person coming Under the Juvenile Court Law.
VERA A., Petitioner,
v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ORANGE COUNTY SOCIAL SERVICES AGENCY et al., Real Parties in Interest.
Docket No. G020595.
Court of Appeals of California, Fourth District, Division Three.
March 27, 1997.
*1235 COUNSEL
Ronald Y. Butler, Public Defender, Carl C. Holmes, Assistant Public Defender, Marri B. Derby, Paul T. DeQuattro, Lee I. Blumen and Sandra Williams, Deputy Public Defenders, for Petitioner.
No appearance for Respondent.
Laurence M. Watson, County Counsel, and Gene Axelrod, Deputy County Counsel, for Real Parties in Interest.
Harold LaFlamme and Craig E. Arthur, under appointments by the Court of Appeal, for Minor.
*1236 OPINION
CROSBY, J.
(1) In this writ proceeding,[1] we are asked to consider an ongoing dispute between the local public defender and county counsel concerning whether the Orange County Social Services Agency (SSA) has a policy regarding arbitrary distance limits beyond which visitation with dependent children need not be provided to incarcerated parents as part of their reunification services. The public defender has submitted evidence to show there is such a policy, and we accept it per Code of Civil Procedure section 909.[2]
The county counsel vehemently denies such a policy exists. But he also argues, and we must agree, that the issue is almost entirely beside the point in any event. The court makes visitation orders, not SSA; and it is rarely, if ever, our role to censor the report writing policies of agencies in the executive branch. Thus, any such policy is only of moment insofar as it may tend to shed light on an allegedly similar impermissible policy of the juvenile court.
In this case the parent is incarcerated 275 miles away from the child. SSA requested, and the court ordered, a geographical limitation on the visitation component of the reunification plan of 50 miles. That order, as we shall explain, is plainly arbitrary under the applicable code section and must be set aside.
We begin with the statutory scheme: Welfare and Institutions Code section 361.5, subdivision (e)(1), as pertinent here, provides, "If the parent or guardian is incarcerated or institutionalized, the court shall order reasonable services unless the court determines, by clear and convincing evidence, those services would be detrimental to the minor. In determining detriment, the court shall consider the age of the minor, the degree of parent-child bonding, the length of the sentence, the nature of the treatment, the nature of the crime or illness, the degree of detriment to the minor if services are not offered and, for minors 10 years of age or older, the minor's attitude toward the *1237 implementation of family reunification services, and any other appropriate factors. Reunification services are subject to the 18-month limitation imposed in subdivision (a). Services may include, but shall not be limited to, all of the following: [¶](A) Maintaining contact between parent and minor through collect telephone calls. [¶] (B) Transportation services, where appropriate. [¶](C) Visitation services, where appropriate. [¶](D) Reasonable services to extended family members or foster parents providing care for the minor if the services are not detrimental to the minor." (Italics added.)
We agree with the public defender's interpretation: Reunification services are to be provided to the parent, particularly those services described in paragraphs (A) through (C), unless to do so would be detrimental to the minor. The detriment standard, contrary to the county counsel's argument, was not added to paragraph (D) to indicate it is inapplicable to (A) through (C), but because paragraph (D) does not deal with the incarcerated parent and the Legislature wished to express the standard applicable to that paragraph. In other words, we disagree with the county counsel's view that the "where appropriate" language in paragraphs (B) and (C) set up a lesser standard than the detriment language contained in the first line of the subdivision. Put another way, "where appropriate" means where it would not be detrimental to the minor.
That brings us to the question of basing a detriment finding on geography alone. Clearly, that is improper. The Legislature has listed the chief factors to consider in the detriment assessment in the statute itself: the minor's age, the degree of bonding between parent and child, the length of the parent's sentence or the nature of her treatment, the "nature of the crime or illness," the detriment to the minor if services are not offered, the views of minors 10 years of age or older, and "any other appropriate factors." (Italics added.) But because this last phrase is set off by a comma, we assume it was intended to modify all the preceding phrases. Consequently, distance or difficulty of travel could certainly be considered as factors with respect to transportation and visitation services.
But the way the statute is drafted, distance cannot stand on its own, as do the specific phrases mentioned ahead of the words, "other appropriate factors." And this makes perfect sense. An incarcerated parent located one mile past the court's fifty-mile order should clearly be treated equally with a parent one mile closer. A parent convicted of a violent crime against the child might be denied reunification services entirely, no matter how close the child lived to the prison. A child who has one parent serving a life sentence without possibility of parole ten miles away should hardly receive more visitation than the child's other parent serving a six-month sentence sixty *1238 miles away. In short, the court may not abdicate its responsibility to create a reasonable visitation and transportation order by the simple talisman of a mileage limitation.
This is not to say the court must necessarily dispatch an infant on a 275-mile trip to visit an incarcerated parent. That may or may not be useful, depending on the circumstances of a particular case. Above all, reunification services are to be reasonable. (In re Monica C. (1995) 31 Cal. App.4th 296, 306 [36 Cal. Rptr.2d 910].) As noted, distance is a factor to be considered in the analysis. But it is not, by itself, determinative of the outcome.
The legislative policy is obviously what we described in our case of In re Brittany S. (1993) 17 Cal. App.4th 1399, 1402 [22 Cal. Rptr.2d 50]: "While `use a gun, go to prison' may well be an appropriate legal maxim, `go to prison, lose your child' is not." (See also In re Precious J. (1996) 42 Cal. App.4th 1463, 1479 [50 Cal. Rptr.2d 385].) The use of arbitrary geographical limits on travel and visitation is contrary to that policy, and courts should not indulge in them. Every parent and child, with few exceptions (see In re Andrew B. (1995) 40 Cal. App.4th 825, 858, fn. 25 [47 Cal. Rptr.2d 604], disapproved on other grounds in In re Sade C. (1996) 13 Cal.4th 952 [55 Cal. Rptr.2d 771, 920 P.2d 716]), is entitled to a meaningful judicial evaluation of the travel and visitation question every time an order regarding reunification services is made, or a modification based on changed circumstances is sought.[3] (See, e.g., In re Joanna Y. (1992) 8 Cal. App.4th 433, 438 [10 Cal. Rptr.2d 422].)
County counsel's demurrer to the writ petition is overruled because we have determined that the remedy of appeal is too slow to afford an adequate remedy under these circumstances (see fn. 1, ante) and the other raised objections are without merit. (Robin V. v. Superior Court (1995) 33 Cal. App.4th 1158, 1167, fn. 5 [39 Cal. Rptr.2d 743]; In re Tania R. (1995) 32 Cal. App.4th 447, 451 [38 Cal. Rptr.2d 531].)
Let a peremptory writ issue directing the juvenile court to reconsider its order in light of the views expressed above and to recognize that reunification services have been denied during the pendency of this case in the Court *1239 of Appeal. The alternative writ is discharged. This opinion shall be final 10 days after it is filed. (Cal. Rules of Court, rule 24(d).)
Sonenshine, Acting P.J., and Rylaarsdam, J., concurred.
NOTES
[1] We have only now received a fully briefed appeal from the Welfare and Institutions Code section 300 dispositional hearing, and it raises the identical 50-mile limitation on this visitation issue (In re Jonathan M. (G020482, app. pending)). Upon the finality of this opinion, it will be dismissed as moot.
[2] This court routinely accepts evidence per Code of Civil Procedure section 909 in juvenile dependency cases to expedite just and final resolution for the benefit of the children involved. (See Cal. Const., art. VI, § 11; In re Marriage of Crook (1992) 2 Cal. App.4th 1606, 1613 [3 Cal. Rptr.2d 905]; Monsan Homes, Inc. v. Pogrebneak (1989) 210 Cal. App.3d 826, 830-831 [258 Cal. Rptr. 676].)
[3] The problem of the incarcerated parent and dependent child has deservedly received considerable scrutiny recently. (See, e.g., Judicial Council of Cal., Advisory Com. Rep., Achieving Equal Justice for Women and Men in the California Courts (1996) at p. 318; Judicial Council of Cal., Access and Fairness Advisory Committee Implementation Rep., Gender Fairness Subcommittee, Gender and Justice: Implementing Gender Fairness in the Courts (1996) at p. 17.) We urge the Legislature to attempt to remedy the current system. It is virtually beyond the power of the courts to do so because the location of an adult prisoner's incarceration is determined by the executive branch, and the placement of children is generally dictated by other considerations.