[No. B146015. Second Dist., Div. Five. July 6, 2001.]

In re CARRIE M., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
RUTH M., Defendant and Appellant.

[No. B148362. Second Dist., Div. Five. July 6, 2001.]

In re RUTH M. on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Facts and Procedural Background, and parts I., II., III., and IV.B. of the Discussion.

COUNSEL

Lori A. Fields, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, and Patrick D. Goodman, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**GRIGNON, J.**—Mother appeals from the order terminating her parental rights under Welfare and Institutions Code section 366.26.[1] Mother also petitions for a writ of habeas corpus seeking reversal of the order on the ground of ineffective assistance of counsel occurring in connection with the termination hearing. In the published portion of this opinion, we conclude mother is entitled to seek habeas corpus relief, since her petition was filed concurrently with the filing of the opening brief in her pending appeal and the termination order is thus not final. In the unpublished portion of the opinion, we conclude the petition fails to state a prima facie case for relief and deny the petition. Also in the unpublished portion of the opinion, we address mother's contentions in the appeal and affirm the order terminating parental rights.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

FACTS AND PROCEDURAL BACKGROUND*

. . . . . '. . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.-III.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

IV. *Habeas Corpus Petition*

Mother contends her counsel was ineffective for failing to object to defective notice, request a continuance, and communicate with her prior to the section 366.26 hearing. She argues these failings adversely affected her ability to regain custody of Carrie by filing a section 388 petition or mounting a successful defense to the adoption recommendation. We issued an order to show cause limited to the issue of whether mother is entitled to seek habeas corpus relief based on ineffective assistance of counsel occurring in connection with a section 366.26 hearing.

A. *Collateral Attack on Parental Rights Termination Order*

█ Habeas corpus is available in certain civil proceedings. (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 866 [245 Cal.Rptr. 1, 750 P.2d 778].) Specifically, "habeas corpus is available '[where] a parent seeks custody of a child living with another.' [Citation.]" (*Ibid.*) A claim of ineffective assistance of counsel in a dependency matter is generally cognizable in the Court of Appeal on a petition for writ of habeas corpus. (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1658-1659, 1167 [54 Cal.Rptr.2d 722].) The right to habeas corpus relief is, however, limited by the dependency order to which the claimed ineffective assistance of counsel relates and the timing of the petition for writ of habeas corpus. (*Id.* at p. 1667.)

A petition for writ of habeas corpus in a dependency matter raising a claim of ineffective assistance of counsel does not lie from a final order. (*Adoption of Alexander S., supra,* 44 Cal.3d at pp. 866-868; *In re Issac J.* (1992) 4 Cal.App.4th 525, 534 [6 Cal.Rptr.2d 65]; *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1162-1163 [65 Cal.Rptr.2d 913].) An order is final when the time for appeal has expired and no timely appeal has been filed or the order has been appealed and affirmed. (*Adoption of Alexander S., supra,* 44 Cal.3d at p. 859; *In re Issac J., supra,* 4 Cal.App.4th at p. 535.) It is

---

*See footnote, *ante*, page 530.

appropriate, however, to raise the issue of ineffective assistance of counsel by petition for writ of habeas corpus filed concurrently with an appeal from a final order. (*In re Kristin H., supra,* 46 Cal.App.4th at pp. 1658-1659.) The claim of ineffective assistance of counsel must relate to the order appealed from. (*Id.* at p. 1667.) Habeas corpus may not be utilized to challenge antecedent final orders. (*In re Meranda P., supra,* 56 Cal.App.4th at pp. 1146, 1161-1162.) Thus, for example, a claim of ineffective assistance of counsel in connection with jurisdiction and disposition orders may be raised in a petition for writ of habeas corpus filed in connection with an appeal from the disposition order. (*In re Kristin H., supra,* 46 Cal.App.4th at p. 1667.) The same claims may not be raised by a habeas corpus petition filed in connection with an appeal from an order terminating parental rights. (*In re Meranda P., supra,* 56 Cal.App.4th at pp. 1146, 1160-1166.)

 From the foregoing, we conclude a parent is entitled to raise a claim of ineffective assistance of counsel in connection with a parental rights termination order by habeas corpus petition filed concurrently with an appeal from the termination order.

The Los Angeles County Department of Children and Family Services (Department), however, contends that habeas corpus relief seeking to vacate a termination order is precluded by section 366.26, subdivision (i), which provides: "Any order of the court permanently terminating parental rights under this section shall be conclusive and binding upon the child, upon the parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making the order, the court shall have no power to set aside, change, or modify it, but nothing in this section shall be construed to limit the right to appeal the order." The Department argues that the Legislature has thereby limited review of termination orders to direct appeal.

The Department's argument is supported by dicta in *In re Meranda P., supra,* 56 Cal.App.4th at page 1161. The *Meranda P.* court held that a habeas corpus petition filed in connection with an appeal from a termination order could not be utilized to collaterally attack final orders antecedent to the termination order, i.e., detention, jurisdiction, disposition, review, and referral orders. *Meranda P.* buttressed its holding by referring to section 366.26, subdivision (i) and concluding that section precluded habeas corpus relief from a termination order. (*In re Meranda P., supra,* 56 Cal.App.4th at p. 1161.)

We are persuaded neither by the Department's arguments nor the dicta of *Meranda P.* The Court of Appeal has both original and appellate jurisdiction

in this case. (Cal. Const., art. VI, §§ 10-11.) The appellate jurisdiction vested in the Court of Appeal encompasses review by extraordinary writ as well as by direct appeal. (Cf. *Leone v. Medical Board* (2000) 22 Cal.4th 660, 665 [94 Cal.Rptr.2d 61, 995 P.2d 191].) When a court has jurisdiction to hear a matter, it has jurisdiction to completely dispose of the matter and adopt any suitable mode of proceeding. (Code Civ. Proc., § 187.) We conclude a parental rights termination order may be reversed on appeal or vacated by writ of habeas corpus.

Under the circumstances of this case, permitting review of a termination order by habeas corpus is also consistent with the interests of finality and delay reduction in child dependency proceedings. (*Adoption of Alexander S., supra,* 44 Cal.3d at pp. 866, 868.) Because the termination order is on appeal and not yet final, habeas corpus review will not delay finality of the termination order.[4] The habeas corpus petition may be decided during the pendency of the appeal. Because the ineffective assistance of counsel claim relates only to the termination order, review of antecedent final orders is not required.

■ Moreover, a parent in a dependency proceeding has a right to effective assistance of counsel and a right to seek review of claims of incompetence. (*In re Kristin H., supra,* 46 Cal.App.4th at pp. 1142, 1659-1667.) ■ If counsel was ineffective in connection with the termination order in ways that are not apparent on the record, review by direct appeal is inadequate. The Department argues that the Court of Appeal may review incompetency of counsel occurring outside the record by means of its own evidentiary hearing. (Code Civ. Proc., § 909.)[5] It is true that the Court of Appeal may accept evidence in dependency cases "to expedite just and final resolution for the benefit of the children involved." (*In re Jonathan M.*

---

[4]We recognize that in some cases an appeal from an order terminating parental rights will be brought solely in order to preserve a right to habeas corpus. We have previously approved such a protective appeal to preserve the right to appellate review of an order denying a section 388 petition. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1317 [94 Cal.Rptr.2d 798]; but see *In re Meranda P., supra,* 56 Cal.App.4th at pp. 1165-1166.)

[5]Code of Civil Procedure section 909 provides: "In all cases where trial by jury is not a matter of right or where trial by jury has been waived, the reviewing court may make factual determinations contrary to or in addition to those made by the trial court. The factual determinations may be based on the evidence adduced before the trial court either with or without the taking of evidence by the reviewing court. The reviewing court may for the purpose of making the factual determinations or for any other purpose in the interests of justice, take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal, and may give or direct the entry of any judgment or order and may make any further or other order as the case may require. This section shall be liberally construed to the end among others that, where feasible, causes may be finally disposed of by a single appeal and without further proceedings in the trial court except where in the interests of justice a new trial is required on some or all of the issues."

(1997) 53 Cal.App.4th 1234, 1236, fn. 2 [62 Cal.Rptr.2d 208].) However, Code of Civil Procedure section 909 is to be exercised sparingly and it is not a substitute for other authorized procedures. (*Monsan Homes, Inc. v. Pogrebneak* (1989) 210 Cal.App.3d 826, 830 [258 Cal.Rptr. 676].)

We conclude mother is entitled to seek review of the termination order by petition for writ of habeas corpus on the ground of ineffective assistance of counsel in connection with the termination order. This court has jurisdiction to hear the habeas corpus petition. The termination order is pending on appeal and not yet final. The claim of ineffective assistance of counsel does not relate to antecedent final orders, but relates only to the termination order.

B. *Ineffective Assistance of Counsel**

. . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The order terminating parental rights is affirmed. The petition for writ of habeas corpus is denied.

Turner, P. J., and Willhite, J.,† concurred.

---

*See footnote, *ante*, page 530.
†Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.