129 Cal.Rptr.2d 472 (2003)
105 Cal.App.4th 459
In re DARLICE C, On Habeas Corpus.
No. C042466.
Court of Appeal, Third District.
January 16, 2003.
*474 Valerie E. Sopher, under appointment by the Court of Appeal, El Cerrito, for Petitioner Darlice C.
Robert A. Ryan, Jr., County Counsel and Loni Montgomery, Supervising Deputy County Counsel, for Respondent Sacramento County Department of Health and Human Services.
*473 SIMS, Acting P.J.
Darlice C, mother of Steven J., Calvina L., Myra L., and Isaiah L., has pending appeals from orders of the Superior Court of Sacramento County, sitting as the Juvenile Court (hereafter juvenile court), terminating her parental rights.[1] In the instant petition, Darlice C. concurrently seeks habeas corpus relief in the form of an order commanding the juvenile court to vacate the orders terminating her parental rights.[2] She claims, inter aha, she was not afforded competent assistance of counsel in that counsel failed to advise the court of the existence and applicability of the "sibling relationship exception" to adoptability, which, if applicable, would prevent termination of her parental rights.[3] We shall issue an order to show cause returnable to the juvenile court.[4]
Sacramento County Department of Health and Human Services (hereafter DHHS) contends that habeas corpus may not be used to collaterally attack an order terminating parental rights on the ground the parent was not afforded competent assistance of counsel. For reasons that follow, we disagree.
"The indigent parent has a `liberty interest . . . in the care, custody, and *475 management of his [or her] child. [Citations.] This concern has been characterized as `fundamental.' [Citations.]" (In re Sade C (1996) 13 Cal.4th 952, 987, 55 Cal.Rptr.2d 771, 920 P.2d 716.) Consequently, "an indigent parent may in some cases have a due process fright to counsel where the termination of parental rights may result. [Citations.] Whether due process requires appointment of counsel in any given case will depend upon the weighing of private and governmental interests and the risk of an erroneous decision. [Citations.] A parent who has established a due process right to appointed counsel is entitled to effective assistance of counsel; otherwise 'it mil be a hollow right' [Citations.]" (In re Kristin H. (1996) 46 Cal.App.4th 1635, 1659, 54 Cal.Rptr.2d 722.) Also, by statutory provision and court rule, an indigent parent has a right to appointed counsel in dependency proceedings. (Welf. & Inst. Code, § 317, subd. (b);[5] Cal. Rules of Court, rule 1412(h)(0(B).) Section 317.5 expressly provides that "[a]ll parties who are represented by counsel at dependency proceedings shall be entitled to competent counsel." "Although this right is merely statutory, it has been interpreted in substantially the same manner as the constitutional right to the effective assistance of counsel. [Citation.]" (In re Daniel H. (2002) 99 Cal.App.4th 804, 812, 121 Cal. Rptr.2d 475.) Where, as here, the juvenile court has ordered parental rights terminated, a parent has the right to seek review of claims of incompetent assistance of counsel. (See In re O. S. (2002) 102 Cal.App.4th 1402, 1407, 126 Cal.Rptr.2d 571; In re Carrie M. (2001) 90 Cal. App.4th 530, 535, 108 Cal.Rptr.2d 856.)
"In general, the proper way to raise a claim of ineffective assistance of counsel is by writ of habeas corpus, not appeal. [Citations.] . . . [A]n ineffective assistance claim may be reviewed on direct appeal [only] where `there simply could be no satisfactory explanation' for trial counsel's action or inaction. [Citation.]" (In re Dennis H. (2001) 88 Cal.App.4th 94, 98, fn. 1, 105 Cal.Rptr.2d 705.; accord, In re Eileen A. (2000) 84 Cal.App.4th 1248, 1253, 101 Cal.Rptr.2d 548.) Usually, however, "[t]he establishment of ineffective assistance of counsel most commonly requires a presentation which goes beyond the record of the trial. . .. Action taken or not taken by counsel at a trial is typically motivated by considerations not reflected in the record . . .. Evidence of the reasons for counsel's tactics, and evidence of the standard of legal practice in the community as to a specific tactic, can be presented by declarations or other evidence filed with the writ petition. [Citation.]" (In re Arturo A. (1992) 8 Cal.App.4th 229, 243, 10 Cal. Rptr.2d 131; see also People v. Mendoza Tello (1997) 15 Cal.4th 264, 266-267, 62 Cal.Rptr.2d 437, 933 P.2d 1134.) Darlice C.'s claim of incompetent assistance of counsel is premised in part on matter outside the appellate record, and evaluation of counsel's decisions and tactics will require consideration of matter outside the appellate record. Accordingly, the issue must be adjudicated by means of petition for writ of habeas corpus. (See In re O. S., supra, 102 Cal.App.4th 1402, 126 Cal. Rptr.2d 571; In re Carrie M., supra, 90 Cal.App.4th 530, 108 Cal.Rptr.2d 856.)
Relying principally on In re Meranda P. (1997) 56 Cal.App.4th 1143, 65 Cal.Rptr.2d 913, DHHS argues an order terminating parental rights is not subject to collateral review by habeas corpus. In In re Meranda P., the court refused to issue an order to show cause on a mother's habeas corpus petition, concluding that an order *476 terminating parental rights may be reviewed only by direct appeal. (Id. at pp. 1161-1163, 65 Cal.Rptr.2d 913.) The court premised its conclusion on three rationales, none of which we find persuasive.
First, In re Meranda P. asserts, "the Legislature has expressly prohibited the collateral dispute of a termination order," quoting section 366.26, subdivision (i), "[which] reads in full: `Any order of the court permanently terminating parental rights under this section shall be conclusive and binding upon the minor person, upon the parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making such an order, the court shall have no power to set aside, change, or modify it, but nothing in this section shall be construed to limit the right to appeal the order.'" (In re Meranda P., supra, 56 Cal.App.4th 1143, 1161, 65 Cal.Rptr.2d 913, fn. omitted.) Two other courts have conclusorily adopted In re Meranda P.'s construction of the statute. (See In re Heather B. (2002) 98 Cal.App.4th 11, 15, 119 Cal. Rptr.2d 59 ["This statutory language forbids alteration or revocation of an order terminating parental rights except by means of a direct appeal from the order"]; In re Jessica K (2000) 79 Cal.App.4th 1313, 1316, 94 Cal.Rptr.2d 798 ["An order of the dependency court terminating parental rights may be modified only by timely direct appeal from the order"].)
However, we join several courts that have rejected or questioned In re Meranda P. `s analysis. (See In re O. S., supra, 102 Cal.App.4th 1402, 1406, fn. 2, 126 Cal. Rptr.2d 571; In re Carrie M., supra, 90 Cal.App.4th 530, 534-536, 108 Cal.Rptr.2d 856; In re Eileen A, supra, 84 Cal. App.4th at pp. 1256-1258, 101 Cal.Rptr.2d 548.) "When looking to the words of the statute, a court gives the language its usual, ordinary meaning. [Citations.] If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs. [Citations.]" (People v. Snook (1997) 16 Cal.4th 1210, 1215, 69 Cal. Rptr.2d 615, 947 P.2d 808.) Subdivision (i) of section 366.26, by its express terms, bars only the court issuing the order terminating parental rights from "set[ting] aside, changing], or modifying]" the order. The language of the section gives rise to no statutory impediment to any other court, such as an appellate court issuing direct or collateral relief. (Cf. In re Carrie M., supra, 90 Cal.App.4th at pp. 534-536, 108 Cal.Rptr.2d 856.) Hence, the statute cannot be read to "forbid[ ] alteration or revocation of an order terminating parental rights except by means of a direct appeal from the order." (Contra, In re Meranda P., supra, 56 Cal.App.4th 1143, 1161, 65 Cal.Rptr.2d 913.)
Moreover, if the statute's prohibition on "set[ting] aside, changing], or modifying]" the termination order is read so broadly as to preclude review by the collateral proceeding of habeas corpus, the statute risks conflict with constitutional provisions governing habeas corpus. "Section 10 of article VI of the California Constitution . . . provides in pertinent part: `The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings.' This provision grants original subject matter jurisdiction over habeas corpus proceedings concurrently to the superior court, the Court of Appeal, and [the Supreme Court]." (In re Carpenter (1995) 9 Cal.4th 634, 645-646, 38 Cal.Rptr.2d 665, 889 P.2d 985, citing France v. Superior Court (1927) 201 Cal. 122, 131, 255 P. 815; People v. Mayfield (1993) 5 Cal.4th 220, 224-225, 19 Cal.Rptr.2d 877, 852 P.2d 372; accord, In re Ramirez (2001) 89 Cal. App.4th 1312, 1316-1316, 108 Cal.Rptr.2d *477 229.) Certainly, the Legislature did not intend by statute to oust the courts of constitutional jurisdiction over habeas corpus proceedings alleging a violation of federal constitutional rights. We shall therefore construe subdivision (i) of section 366.26 so as not to preclude a collateral attack on a termination order by means of petition for writ of habeas corpus, and thereby adhere to "the precept that `[i]f feasible within bounds set by their words and purpose, statutes should be construed to preserve their constitutionality.' [Citations.]" (Calfarm Ins. Co. v. Deukmejian (1989) 48 Cal.3d 805, 822-823, fn. 15, 258 Cal.Rptr. 161, 771 P.2d 1247; see also Young v. Haines (1986) 41 Cal.3d 883, 898, 226 Cal.Rptr. 547, 718 P.2d 909 [The "conclusion is compelled by the precept `that a court, when faced with an ambiguous statute that raises serious constitutional questions, should endeavor to construe the statute in a manner which avoids any doubt concerning its validity.' [Citations.]"]; San Francisco Unified School Dist. v. Johnson (1971) 3 Cal.3d 937, 942, 92 Cal.Rptr. 309, 479 P.2d 669 ["We reach these conclusions by application of the principle that a statute which is reasonably susceptible of two constructions should be interpreted so as to render it constitutional"].)
In re Meranda P., supra, 56 Cal. App.4th 1143, 65 Cal.Rptr.2d 913, proffers a second basis for its conclusion termination orders may not be reviewed by petition for writ of habeas corpus. Defining the termination order as "`adoption-related' " (id. at p. 1161, .65 Cal.Rptr.2d 913) and "a final, statutorily (§ 366.26, subd. (i)) nonmodifiable order" (id. at p. 1162, 65 Cal.Rptr.2d 913), In re Meranda P. quotes Adoption of Alexander S. (1988) 44 Cal.3d 857, 867-868, 245 Cal.Rptr. 1, 750 P.2d 778, for the legal proposition that "`habeas corpus may not be used to collaterally attack a final nonmodifiable judgment in an adoption-related action where the trial court had jurisdiction to render the final judgment.'" (In re Meranda P., supra, 56 Cal.App.4th at p. 1161, 65 Cal. Rptr.2d 913.)
However, a termination "order is final when the time for appeal has expired and no timely appeal has been filed or the order has been appealed and affirmed." (In re Carrie M., supra, 90 Cal.App.4th 530, 533, 108 Cal.Rptr.2d 856, citing Adoption of Alexander S., supra, 44 Cal.3d 857, 859, 245 Cal.Rptr. 1, 750 P.2d 778; In re Issac J. (1992) 4 Cal.App.4th 525, 535, 6 Cal.Rptr.2d 65.) Hence, Adoption of Alexander S. is "clearly distinguishable" because in that case the petitioner for habeas corpus relief sought to challenge an order "when that order was final and the time for appeal had lapsed," whereas in In re Meranda P. the appeal from the termination order remained pending. (In re Eileen A., supra, 84 Cal.App.4th 1248, 1256-1257, fn. 7, 101 Cal.Rptr.2d 548.) Since Darlice C.'s appeals from the termination orders remain pending, those orders are not final and Adoption of Alexander S. presents no bar to habeas corpus relief.[6]
In re Meranda P. `s third and final rationale for refusing to issue an order to show cause is that "[t]he now paramount interests of the child in a stable, secure, long-term, continuous home environment and the associated interest of the state in reasonable expedition and finality" would be "subverted]" by the delay incumbent in a habeas corpus proceeding. *478 (In re Meranda P., supra, 56 Cal.App.4th 1143, 1163, 65 Cal.Rptr.2d 913.) "[S]uffice to say that the Legislature itself contemplated the possibility that the interest of the state and the child in the stability provided by an adoptive home after termination of reunification services could still be overcome by the rights of the parent in a successful appeal from a [termination order]. . .. [S]ince the Legislature itself allows for the possibility of reversals of . . . termination, orders, we can hardly say that the interest in stability is so `paramount' that it absolutely precludes any ineffective assistance challenge." (In re Eileen A, supra, 84 Cal.App.4th 1248, 1257, fn. 7, 101 Cal.Rptr.2d 548.) Indeed, "permitting review of a termination order by habeas corpus is . . . consistent with the interests of finality and delay reduction in child dependency proceedings. [Citation.] Because the termination order is on appeal and not yet final, habeas corpus review will not delay finality of the termination order. The habeas corpus petition may be decided during the pendency of the appeal." (In re Carrie M., supra, 90 Cal.App.4th 530, 535, 108 Cal.Rptr.2d 856, fn. omitted.) Our order issuing an order to show cause will require the juvenile court to adjudicate the habeas corpus claims before the appeals are final.
We therefore respectfully decline to follow In re Meranda P., and we conclude Darlice C. is entitled to seek review of the termination order by petition for writ of habeas corpus. (See In re O. S., supra, 102 Cal.App.4th 1402, 1406, fn. 2, 126 Cal. Rptr.2d 571; In re Carrie M., supra, 90 Cal.App.4th 530, 534-536, 108 Cal.Rptr.2d 856.)
The petition for writ of habeas corpus states a prima facie case, and consequently, we shall issue an order to show cause returnable before the juvenile court and requiring that the habeas corpus claim be adjudicated before the appeals are final. (See In re Hochberg (1970) 2 Cal.3d 870, 875, fn. 4, 87 Cal.Rptr. 681, 471 P.2d 1; In re Hillery (1962) 202 Cal. App.2d 293, 294, 20 Cal.Rptr. 759 ["`Generally speaking, habeas corpus proceedings involving a factual situation should be tried in superior court rather than in an appellate court, except where only questions of law are involved.' [Citation.]"].)
Let an order to show cause issue, returnable before the Sacramento County Superior Court, sitting as a Juvenile Court, directing DHHS to show cause why the relief prayed for in this proceeding should not be granted. The return to the order to show cause shall be filed and served within 15 days of the date of filing of this opinion. Any traverse to the return shall be filed within 10 days of the date of service of the return. The juvenile court shall hear and determine the matter within 45 days of the date of filing of this opinion. The juvenile court is directed to appoint attorney Valerie E. Sopher, State Bar No. 95985, to represent petitioner Darlice C. in these habeas corpus proceedings.
We concur: NICHOLSON and HULL, JJ.
NOTES
[1] We take judicial notice of the record of the pending consolidated appeals, In re Darlice C, 3 Civil C041436, In re Darlice C, 3 Civil C041468. (See Evid.Code, §§ 452, subd. (d); 459, subd. (a).)
[2] We note the prayer of the habeas corpus petition also refers to mandamus relief. Since Darlice C. seeks relief premised on issues and factual material not tendered to the juvenile court, mandamus relief is not available. (See People v. Superior Court (Williams) (1992) 8 Cal.App.4th 688, 710, fn. 3, 10 Cal. Rptr.2d 873.)
[3] Subdivision (c)(1)(E) of section 366.26 of the Welfare and Institutions Code provides the juvenile court may find termination of parental rights would be detrimental to the minor where "[t]here would be substantial interference with a child's sibling relationship, taking into consideration the nature and extent of the relationship, including, but not limited to, whether the child was raised with a sibling in the same home, whether the child shared significant common experiences or has existing close and strong bonds with a sibling, and whether ongoing contact is in the child's best interest, including the child's long-term emotional interest, as compared to the benefit of legal permanence through adoption."
[4] We therefore deny Darlice C.'s motion to consolidate this writ petition with the two pending appeals.
[5] All further statutory references are to the Welfare and Institutions Code.
[6] Likewise, DHHS's reliance on Lehman v. Lycoming County Children's Services (1982) 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 is unavailing. Lehman declares only that there is no right to federal habeas corpus relief from a final termination order of a state court. (Id. at pp. 515-516, 102 S.Ct. 3231.)