Filed 5/15/14  In re S. D. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re S.D. and P.D., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B245220<br>(Super. Ct. No. J1395920)<br>(Super. Ct. No. J1395921)<br>(Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD WELFARE SERVICES,<br><br>    Petitioner and Respondent,<br><br>v.<br><br>MARGARITA H.<br><br>    Appellant. | |

Margarita H. (mother) appeals a November 15, 2012 order terminating parental rights to her daughters, S.D. (age 14) and P.D. (age 7).  (Welf. & Inst. Code, § 366.26.)[1]  Mother has also filed a petition for writ of habeas corpus alleging that she was denied effective assistance of counsel.  (B246555.)  On June 10, 2013, we issued an order to show cause on the habeas petition, directing the trial court to conduct an evidentiary hearing, make findings, and grant or deny appropriate relief.  Following an evidentiary hearing, the trial court concluded that mother did not receive effective assistance of counsel at the jurisdictional/disposition hearing wherein services were

---

[1] All statutory references are to the Welfare & Institutions Code.

1

bypassed.  (§ 361.5, subd. (e)(1).)  The record further reflects that mother was not advised, either in court or by mail, of the requirement to file a petition for extraordinary writ review of the order bypassing services (Cal. Rules of Court, rule 5.590(b); § 366.26, subd. (l)(3)A)).  Based on the notice, due process, and effective assistance of counsel errors, mother collaterally attacks the order terminating parental rights.  (See *In re Athena P.* (2002) 103 Cal.App.4th 617, 624-625; *In re Rashad B.* (1999) 76 Cal.App.4th 442, 449-450; *In re Darlice C.* (2003) 105 Cal.App.4th 459, 465;  *In re Cathina W.* (1998) 68 Cal.App.4th 716, 722.)  We reverse the order terminating parental rights and direct the trial court to conduct a new jurisdictional/disposition hearing.

*Procedural History*

On April 26, 2012, Santa Barbara County Child Welfare Services (CWS) filed a dependency petition for failure to protect or provide for S.D. and P.D.  (§ 300, subds. (b) & (g).)  Mother was in federal prison in Northern California (Dublin Federal Correction Institution) for illegally reentering the United States.  CWS reported that the alleged father had an extensive criminal history that included arrests for carrying a concealed weapon in a vehicle, carrying a loaded firearm, possession of a controlled substance for sale, transporting controlled substances, four arrests for  possession of narcotic controlled substances, damage to a prison/jail, assault with a deadly weapon, and murder.

Mother received telephonic notice of the detention hearing but was in prison and could not appear.  The trial court appointed Attorney Richard Martinez to represent mother and ordered that mother be produced at the May 21, 2012 jurisdictional/disposition hearing.  Before the hearing, CWS recommended that the trial court bypass reunification services because mother was in federal prison (§ 361.5, subd. (e)(1)) and the whereabouts of the alleged father was unknown (§ 361.5, subd. (b)(1)).

When federal prison authorities declined to produce mother on May 21, 2012,  the trial court continued the jurisdictional/disposition hearing so that Attorney Martinez could review the reports and discuss the case with mother.  At the June 18,

2

2012, jurisdictional/disposition hearing, Martinez rested on the reports and recommendation to bypass services without consulting mother. The trial court found the allegations in the petition to be true, bypassed services, and set the matter for an October 18, 2012 permanent placement hearing (§ 366.26).

CWS mailed a 366.26 notice of hearing on August 17, 2012, which was returned because mother's surname and booking identification number were incorrect. After the Alameda County Sheriff attempted to serve mother, a second notice of hearing was mailed certified mail return receipt requested. A Dublin Federal Correction Institution "agent" accepted delivery on October 15, 2012.

At the section 366.26 hearing, Attorney Martinez rested on a CWS report recommending that parental rights be terminated. Martinez stated "my client is currently in federal prison. I have spoken to her and I explained that, under the circumstances, there was nothing I could do to resist the recommendation, other than to file an appeal . . . ." The trial court terminated parental rights and set the matter for a permanent placement hearing. (§ 366.26.)

<em>Ineffective of Assistance of Counsel</em>

Mother argues the section 366.26 order should be vacated because of ineffective assistance of trial counsel (IAC). The trial court has already made an IAC finding and determined that it affected the outcome of the case at different stages of the proceedings. The court set the matter for a new jurisdictional hearing but lacks the power to vacate the November 15, 2012 order terminating parental rights. (See § 366.26, subd. (i)(1); Cont.Ed.Bar, (2013) Juvenile Dependency Practice, § 10.115, p. 926.)

The record reflects that services were bypassed based on the assumption that mother would not be released from federal prison until after the 12 month minimum period for services elapsed. Section 361.5, subdivision (e)(1) requires that the juvenile court order reasonable services where the parent is incarcerated unless the court determines, by clear and convincing evidence, that the services would be detrimental to the child. (*In re Maria S.* (2000) 82 Cal.App.4th 1032, 1039.) " 'Courts may not initiate

3

proceedings to terminate parental rights unless they found adequate reunification services were provided to the parents, even when the parents are incarcerated. [Citation.] "The effort must be made to provide suitable services, in spite of the difficulties of doing so or the prospects of success. [Citation.]" [Citation.,]' [Citation.]" (*Ibid.*)

The November 15, 2012 order terminating parental rights is reversed with directions to conduct a new jurisdictional/disposition hearing as to mother. The habeas petition (B246555) is dismissed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:


        GILBERT, P.J.


        PERREN, J.


4

Arthur A. Garcia, Judge

Rick Brown, Judge

Superior Court County of Santa Barbara

_____

Aida Aslanian, under appointment by the Court of Appeal, for Appellant.

Dennis A. Marshall, County Counsel, County of Santa Barbara and Maria Salido Novatt, Senior Deputy, for Respondent.