Filed 8/21/14  In re Rogelio C. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ROGELIO C., JR., a Person Coming Under the Juvenile Court Law. | B250540 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROGELIO C.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. CK77997) |

        APPEAL from an order of the Superior Court of Los Angeles County,
Stephen Marpet, Juvenile Court Referee.  Affirmed.

        Frank H. Free, under appointment by the Court of Appeal, for Defendant and
Appellant.

        John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and
Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

INTRODUCTION

Rogelio C., Sr. (father) appeals from the order of the juvenile court entered at the six-month review hearing (Welf. & Inst. Code, § 366.21, subd. (e))[1] terminating its dependency jurisdiction over 12-year-old Rogelio C., Jr. (the child) (§ 364).  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2012, the Los Angeles Police and the FBI Violent Gang Task Force arrested father on charges of kidnapping, sexual assault, and murder of a minor in 2001.  The Multi-Agency Response Team, of which the Department of Children and Family Services (the Department) is a member, conducted an investigation into allegations of felony child endangerment at father's house.

The Department detained the child and filed a petition under section 300, subdivision (b) alleging that in 2011 and 2012 father placed the child in a detrimental and endangering situation in that father exposed the child to gang members in the child's home, and caused father's female companion and active gang member, Sindy A., to reside in the child's home and have unlimited access to the child.  The juvenile court appointed counsel to represent father.

The Department filed an amended petition (the amended petition) adding a count 2 that alleged that father was then incarcerated on charges of murder and kidnapping (Pen. Code, §§ 187 & 209) and was unable to provide for the child.  Continuing, count 2 alleged that "father's violent behavior remains unresolved.  Said conduct, criminal history, acts, and incarceration by the father impairs his ability to adequately parent and protect the child and places the child . . . at substantial risk of harm."  The juvenile court dismissed the original petition.  Father denied the petition.

At the jurisdiction hearing, the court read and considered the Department's reports dated July 3, 2012, August 17, 2012, September 24, 2012, and November 1, 2012.  The juvenile court stated to father, "On this case, Mr. C[.], it is my understanding that you are likewise waiving your right to have a trial.  You're going to allow me to read the papers

---

[1]     All further statutory references are to the Welfare and Institutions Code.

that have been filed in the case and decide this on a petition that has been worked out between your lawyer and county counsel. [¶] Is that your understanding on this case, as well? " Father twice responded, "Yes, your honor." The court found that father had made a knowing and intelligent waiver of his constitutional rights to a contested hearing on the amended petition and that he understood the possible consequences of his plea.

After deleting count 1, the court sustained the amended and interlineated petition as to father pursuant to *In re Malinda S*. (1990) 51 Cal.3d 368, i.e., based on the Department's reports,[2] declaring the child a dependent under subdivision (b) of section 300. Subdivision (b) applies when "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child." (§ 300, subd. (b).) The court removed the child from father's physical custody, placed him with mother,[3] and ordered reunification services for father.

At the six-month review hearing (§ 366.21, subd. (e)) held in May 2013, the juvenile court followed the Department's recommendation and terminated its jurisdiction over father under section 364. The family law exit order reads: "Sole physical and legal custody of the child to the mother." Father appealed.

CONTENTIONS

Father contends the juvenile court would not have sustained the petition had father's counsel not provided ineffective assistance.

DISCUSSION

Father timely appeals from the exit order (§ 364) entered at the close of the six-month review hearing (§ 366.21, subd. (e)). However, he attacks the orders entered at the jurisdiction hearing contending the juvenile court would not have taken jurisdiction

---

[2] The Supreme Court's in *In re Malinda S*. holding was partially codified and partially modified by 1996 amendments to section 355, in a manner not relevant here. (*In re Cindy L*. (1997) 17 Cal.4th 15, 22, fn 3.)

[3] Mother is not a party to this appeal.

3

absent ineffective assistance of his counsel.  We may not review the jurisdiction and disposition orders for several reasons.

First, the subject of appellate review is defined by the notice of appeal. (*Glassco v. El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 92.)  "The notice of appeal must be liberally construed [and] is sufficient if it identifies the particular judgment or order being appealed" (Cal. Rules of Court, rule 8.100(a)(2)).  Father's notice of appeal here very clearly challenges the May 2, 2013 hearing, stating as grounds: "the [juvenile] court *terminated* F[amily] R[eunification] services for fa[ther] of 12 year old child at the *.21(e)/364 hearing*."  (Italics added.)  Even construing the notice of appeal as liberally as possible, it does not mention the jurisdiction and disposition hearing or orders. Therefore, the notice of appeal is insufficient to raise any issue concerning the rulings made at the jurisdiction and disposition hearing.

Second, father's appeal from the jurisdiction and disposition orders is untimely. Dependency appeals are governed by section 395.  "This statute makes the dispositional order in a dependency proceeding the appealable 'judgment.' [Citation.]" (*In re Meranda P*. (1997) 56 Cal.App.4th 1143, 1150.)  However, " 'an unappealed disposition or postdisposition order is final and binding and may not be attacked on an appeal from a later appealable order.' [Citation.]" (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1018.)  "An appeal from the most recent order in a dependency matter may not challenge earlier orders for which the time for filing an appeal has passed.  [Citation.]  'Permitting a parent to raise issues going to the validity of a final earlier appealable order would directly undermine dominant concerns of finality and reasonable expedition,' including 'the predominant interest of the child and state . . . .' [Citation.]  Accordingly, 'By failing to appeal, [father] has waived any complaint [he] may have regarding the [jurisdiction order and disposition] plan as ordered.' [Citation.]" (*Ibid.*)

Third, father argues he may challenge the earlier jurisdiction and disposition orders, despite their finality, based on his claim that his trial counsel provided ineffective assistance.  Generally, this is a useless "avenue down which to parade ordinary claims of reversible error" that are untimely.  (*In re Janee J*. (1999) 74 Cal.App.4th 198, 209.)

4

Although a parent may "raise the issue of ineffective assistance of counsel by petition for writ of habeas corpus filed concurrently with an appeal from a final order [citation, t]he claim of ineffective assistance of counsel must relate to the order appealed from. [Citation.] Habeas corpus may not be utilized to challenge antecedent final orders. [Citation.] Thus, for example, a claim of ineffective assistance of counsel in connection with jurisdiction and disposition orders may be raised in a petition for writ of habeas corpus filed in connection with an appeal from the disposition order. [Citation.] The same claims may *not* be raised by a habeas corpus petition filed in connection with an appeal from an order terminating parental rights. [Citation.]" (*In re Carrie M*. (2001) 90 Cal.App.4th 530, 534.) Father never filed an appeal from the disposition hearing, nor did he file a petition for writ of habeas corpus, and so the jurisdiction and disposition orders have long since become final and unassailable even by claiming ineffective assistance of counsel.

Father relies on *In re S. D*. (2002) 99 Cal.App.4th 1068, 1077 (*S. D*.), for a limited exception to this rule of nonappealability, as when application of the rule would offend due process. He argues that his attorney rendered ineffective assistance by failing to object to the juvenile court's decision to take jurisdiction. In *S. D*., the mother's trial attorney conceded that section 300, subdivision (g) was applicable. The mother did not seek review of the ensuing jurisdiction order until her parental rights were terminated. That is when the mother appealed contending her attorney was ineffective at the antecedent hearing because counsel misunderstood section 300, subdivision (g) as a matter of law. (*S. D*., at pp. 1070-1071, 1080.) The *S. D*. court held the mother's ineffective assistance of counsel claim was not waived, notwithstanding it was untimely, because "the record demonstrate[d] the error . . . was entirely legal, and quite fundamental" as the mother's attorney misunderstood the statute and neglected to assert evidence that would defeat jurisdiction. (*Id*. at p. 1080.)

To bring this case within *S. D*., father contends that "it must be pointed out that [the Department] cited [and the juvenile court sustained] the wrong subdivision of section 300 in the amended petition." Father attempts to bootstrap this case to fit the facts of

5

*S. D.* by arguing that the juvenile court should not have sustained the petition under section 300, subdivision (*b*), but under subdivision (*g*), which provides for dependency jurisdiction when "the child's parent has been incarcerated or institutionalized and cannot arrange for the care of the child . . . ." (§ 300, subd. (g).) Father then argues his counsel provided ineffective assistance in failing to object to the court's ruling taking jurisdiction because the evidence does not support a finding under subdivision (*g*).

The contention is unavailing. Unlike *S. D.*, nothing in the record here indicates that trial counsel misunderstood section 300, subdivision (b) or that counsel or the court committed an entirely legal and quite fundamental error. (*S. D.*, *supra*, 99 Cal.App.4th at p. 1080.) Thus, father has not demonstrated a basis for concluding that due process was violated here so as to allow us to review the jurisdiction and disposition orders.

Finally, father's parental rights were never terminated here. The case never proceeded to the selection and implementation stage (§ 366.26). Instead, the juvenile court merely terminated its jurisdiction with a family law exit order (§ 364). That order may be modified or terminated. (*In re A.C.* (2011) 197 Cal.App.4th 796, 799.)

DISPOSITION

The order appealed from is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**




ALDRICH, J.



We concur:






KLEIN, P. J.






KITCHING, J.