Filed 12/19/22  In re Layla R. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for pur- poses of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re LAYLA R., a Person Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY HUMAN SERVICES DEPARTMENT, <br>    Plaintiff and Respondent, <br><br> v. <br><br> DIANA S. et al., <br>    Defendants and Respondents; <br><br> LAYLA R., a Minor, etc., <br>    Appellant. | A164135 <br><br><br> (Sonoma County <br> Super. Ct. No. DEP-5732-01) |
| In re LAYLA R., a Person Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY HUMAN SERVICES DEPARTMENT, <br>    Plaintiff and Appellant, <br><br> v. <br><br> DIANA S., <br>    Defendant and Appellant; <br><br> DONNY R., <br>    Intervener. | A164492 <br><br><br> (Sonoma County <br> Super. Ct. No. DEP-5732-01) |

After a 24-month review hearing, the juvenile court found
that five-year-old Layla R. was at substantial risk of emotional

1

detriment if returned to her mother's custody and that the Sonoma County Human Services Department (the Department) failed to provide reasonable reunification services. The juvenile court ordered six more months of reunification services but also made a further order that no visitation could occur until Diana S. (Mother) and Layla began parent-child therapy. In these consolidated appeals, Layla, the Department, and Mother appeal from that order, challenging, among other things, the sufficiency of the evidence to support the juvenile court's findings. We are unable to grant effective relief and dismiss the appeals as moot.

## BACKGROUND

### A.

In 2019, the Department filed a dependency petition, which alleged then two-year-old Layla came within Welfare and Institutions Code section 300, subdivision (b)(1),[1] due to Mother's substance abuse, neglect, and unsafe living conditions. It was further alleged that Layla was at substantial risk of being abused or neglected (§ 300, subd. (j)) because Mother failed to protect Layla's older sibling from sexual abuse. The juvenile court sustained the petition, declared Layla a dependent of the juvenile court, and ordered her removed from Mother's custody.

During initial supervised visits, Mother and Layla were observed to be connected and affectionate. Mother maintained sobriety, found full-time employment, and engaged in her reunification services (including therapy). Layla was diagnosed with "educational autism," as well as post-traumatic stress disorder and attachment issues. Their visits progressed to unsupervised.

Then Layla began to struggle with transitions to and from her visits with Mother. In particular, she complained of injuries,

[1] Undesignated statutory references are to the Welfare and Institutions Code.

nausea, and stomach pain that were not physically explained and were determined to be psychosomatic stress responses. When in-person visits resumed, after a period of virtual visits due to the emergence of COVID-19 in 2020, Layla began to resist visits with Mother and again experienced somatic stress responses. Layla was referred to an individual play therapist, Ibitz, but the Department made no attempt to start joint therapy for Mother and Layla.

At an 18-month review hearing (that was repeatedly continued), the juvenile court found that Mother substantially met her case plan objectives, that returning Layla to Mother's custody would be detrimental because of Layla's severe somatic responses, and that the Department failed to offer reasonable services to address those responses. The juvenile court extended services for six months, ordered the Department to provide therapeutic visits for Mother and Layla, and temporarily suspended visitation until appropriate therapeutic supports were in place.

On Mother's prior appeal (*Sonoma Cty. Human Servs. Dept. v. Diana S. (In re Layla R.)* (March 7, 2022, A162649) [nonpub. opn.] (*Layla R.*)), this Division affirmed the 18-month review order, concluding that substantial evidence supported the juvenile court's finding that returning Layla to Mother's custody placed her at substantial risk of detriment. In reaching that conclusion, this Court determined that substantial evidence also supported an implicit finding that Layla's anxiety was caused, at least in part, by early childhood neglect she suffered in Mother's home.

### B.

In its status report for the 24-month review hearing, the Department recommended termination of reunification services. The social worker noted that a family therapist, Stender, began working with Mother and Layla (individually) within a few

3

months of the 18-month hearing. However, after five sessions with Layla, Stender concluded family therapy would be emotionally detrimental to Layla—who did not recognize Diana S. as her mother, did not want to visit her, and displayed concerning behaviors when the subject was explored. Layla continued to do well in her foster care placement and identified her foster parents as her mother and father.

Mother's therapist had also recently requested termination of Mother's individual therapy due to her failure to progress or demonstrate insight. The therapist believed that Mother's avoidance of any depth or trauma work indicated her failure to recognize Layla's trauma.

Shortly before the 24-month review hearing date, Layla's counsel filed a section 388 petition, requesting termination of both visitation and family therapy. After a hearing on the petition, at which Stender testified that continued family therapy would be counterproductive, the court granted the petition in part and denied it in part. Specifically, the court temporarily withdrew its order for family therapy but declined to make a finding that either visitation or family therapy was detrimental. The court believed the detriment question was best left for resolution at the upcoming contested review hearing.

## C.

At the conclusion of a contested 24-month review hearing, the juvenile court ordered an additional six months of reunification services, specifically joint therapy. The court found that the Department failed to meet its burden to show it offered reasonable services; that the case had been significantly disrupted by the COVID-19 pandemic; and that it was in Layla's best interests to order additional services. The court declined the Department's request to make a detriment finding on visitation, ordering "visitation to mother pursuant to parent/child therapy and if clinically indicated, additional visitation with mother is

4

authorized[.]" The court further ordered that the prior suspension of visitation would remain in place until parent-child therapy began.

### D.

While the instant appeals (A164135 and A164492) from the 24-month review order were pending, the juvenile court found, at a subsequent review hearing, that Mother made substantial progress towards mitigating the causes necessitating removal; that return of Layla to Mother's custody would nonetheless be detrimental; that reasonable reunification services had been provided; and that visitation would be detrimental to Layla's emotional health. The juvenile court terminated reunification services and set a section 366.26 hearing for November 9, 2022.

The Department informed the court of this development in its briefs, asked us to take judicial notice of this later order, and conceded that its appeal from the 24-month review order had become moot.[2]

In *Diana S. v. Superior Court* (Oct. 12, 2022, A165684) [nonpub. opn.] (*Diana S.*), this court denied (on the merits) Mother's petition for writ relief from the order terminating reunification services and setting a section 366.26 hearing. In her petition, Mother did not challenge the juvenile court's finding that visitation was detrimental to Layla.

The Department then asked us to take judicial notice of the *Diana S.* opinion, and filed a motion (which Layla joined) to dismiss Mother's instant (A164492) appeal as moot. Although

---

[2] The Department filed a request for judicial notice of this court's *Layla R., supra,* A162649 opinion and the juvenile court's subsequent order setting a section 366.26 hearing. Layla joined in the Department's request. We originally deferred ruling on their unopposed request but now grant it. (See Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

5

Mother and Father oppose the motion to dismiss, they make no objection to this court taking judicial notice of the *Diana S.* opinion. Accordingly, we take judicial notice of that opinion. (See Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

## DISCUSSION

We agree that the consolidated appeals are moot because a reversal in any of the three appeals would be ineffective now that the subsequent order—terminating Mother's reunification services, setting a section 366.26 hearing, and finding visitation between Mother and Layla detrimental—is final.

### A.

Appellate courts have a duty to decide only actual controversies via effective judgments and to abstain from giving opinions on moot questions. (*In re N.S.* (2016) 245 Cal.App.4th 53, 58-59.) Juvenile dependency appeals frequently raise mootness concerns because the parties have multiple opportunities to appeal while the proceedings in the juvenile court continue. (*Id.* at p. 59.) We will ordinarily dismiss dependency appeals if, assuming reversible error is found, we nonetheless cannot provide any effective relief. (*Id.* at pp. 58-60.) However, the question should be decided on a case-by-case basis. (*In re S.G.* (2021) 71 Cal.App.5th 654, 664.)

### B.

Both the Department and Layla concede that their appeals are moot. We agree that their appeals are moot because they have now received the very relief requested—termination of reunification services, the setting of a section 366.26 hearing, and a finding that visitation with Mother is detrimental.

The Department and Layla nonetheless ask us to exercise our discretion to consider their moot appeals. (See *In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404 [reviewing courts have

6

discretion to reach merits of moot appeal if it presents an issue of public importance that is likely to recur while evading appellate review].)

Neither appeal presents an issue of broad public interest. Rather, all three of their arguments raise highly fact-specific questions: (1) whether the juvenile court's finding that the Department had not provided reasonable services (in the six months preceding the 24-month review hearing) was supported by substantial evidence; (2) whether the juvenile court abused its discretion in extending reunification services beyond 24 months; and (3) whether the juvenile court abused its discretion, at the 24-month review, in declining to find visitation with Mother detrimental.

We are not persuaded that it is appropriate to address these moot issues. (See *In re Rashad D.* (2021) 63 Cal.App.5th 156, 159 [noting similar fact specific issues are frequently presented to appellate courts and are unlikely to evade review]; accord, *In re M.C.* (2011) 199 Cal.App.4th 784, 802 [declining to address sufficiency of the evidence issue because it was "not an issue of continuing public importance"].)

## C.

In Mother's opening brief, she challenges the juvenile court's visitation order, arguing it was an unlawful delegation of judicial power. She seeks reinstatement of the order for therapeutic visitation, enforcement of that order, and more time for reunification.

We agree with the Department that Mother's appeal is also moot because, even if we assume (for the sake of argument) that she is right on the merits, there is no effective relief we could grant now that the subsequent order—terminating reunification services, setting a section 366.26 hearing, *and* finding any visitation between Mother and Layla detrimental—is final

7

(*Diana S., supra*, A165684). (See § 366.26, subd. (l)(1); *In re Carrie M.* (2001) 90 Cal.App.4th 530, 533.)

Mother's opposition brief does not persuade us it remains possible to grant effectual relief—by affording her "additional reunification services and enforcement of visits"—or that the challenged visitation order has continuing impact after the juvenile court's finding that visitation is detrimental. (See *In re Stephanie M.* (1994) 7 Cal.4th 295, 317 [when reunification services have been terminated and section 366.26 hearing has been set, focus shifts from reunification to child's interest in permanence and stability]; *In re Hunter S.* (2006) 142 Cal.App.4th 1497, 1504 ["[e]ven after family reunification services are terminated, visitation must continue *unless the court finds it would be detrimental to the child*"], italics added.)

We are similarly unconvinced, by Mother's wholly conclusory argument, that this is an appropriate case in which to exercise our discretion to address her moot appeal.

## DISPOSITION

The consolidated appeals are dismissed as moot.

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

WISEMAN, J.*

A164135 / A164492

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.