[Nos. S015322, S015323. May 27, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
DEMETRIE LADON MAYFIELD, Defendant and Appellant.

In re DEMETRIE LADON MAYFIELD on Habeas Corpus.

**COUNSEL**

Sanford Jay Rosen and Andrea G. Asaro, under appointments by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General,

Harley D. Mayfield and Gary W. Schons, Assistant Attorneys General, Janelle B. Davis, Deborah D. Factor, Pat Zaharopoulos and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOSK, J.**—In *People* v. *Mayfield, ante,* page 142 [19 Cal.Rptr.2d 836, 852 P.2d 331] (*Mayfield I*), we affirmed defendant's conviction of two first degree murders and his sentence to death. In these companion cases, which we hereby consolidate on our own motion, we address a question related to a single contention of error raised in *Mayfield I*: whether the San Bernardino Superior Court had the authority to order the trial court in *Mayfield I* to hold a new hearing on defendant's automatic motion to modify his death verdict. (Pen. Code, § 190.4, subd. (e); all statutory references are to this code.) The court lacked the authority to issue its order, for reasons we will explain.

### FACTS AND PROCEDURAL BACKGROUND

The relevant facts are set forth at length in *Mayfield I, supra, ante,* at pages 164-166. In brief, defendant was convicted of the first degree murders of Ora Mae Pope and Edward Moreno; the jury found true a special circumstance of multiple murder and sentenced defendant to death.

As we explained in *Mayfield I, supra, ante,* at page 195, under section 190.4, subdivision (e), a defendant sentenced to death is deemed to have automatically applied for a sentence modification. ■ In ruling on the application (at what we will sometimes refer to as a section 190.4(e) hearing), the trial court must independently reweigh the evidence of mitigating and aggravating circumstances and decide whether, in the court's independent judgment, the weight of the evidence supports the verdict. The court must also state on the record the reasons for its conclusion. (*People* v. *Mincey* (1992) 2 Cal.4th 408, 477 [6 Cal.Rptr.2d 822, 827 P.2d 388].)

The trial court in *Mayfield I, supra, ante,* at pages 194-196, denied the motion to reduce the penalty.

On automatic appeal from the resulting judgment of death, defendant contended the trial court erred in denying the motion at the section 190.4(e) hearing. "Defendant asserts that the court erred under state law in denying his application to modify the death sentence by failing to independently review the evidence to determine whether the jury's findings and verdict were contrary to the law and evidence, and by failing to state the reasons for

its ruling. He also contends perfunctorily that the asserted error resulted in violations of the Fifth, Eighth, and Fourteenth Amendments, in essence because it deprived him of a full consideration of mitigating circumstances and a reliable sentencing determination." (*Mayfield I, supra, ante,* at pp. 194-195, fn. omitted.)

We concluded, however, in *Mayfield I, supra, ante,* at page 196, that the court did not err in denying the motion to change the verdict. We held that the court, at the original section 190.4(e) hearing, independently reweighed the evidence and determined that the weight thereof supported the jury's decision. "The court carefully reviewed the record and independently determined that the penalty verdict was not 'contrary to law or the evidence presented.' (§ 190.4, subd. (e).) There was no state law error." (*Ibid.*) We also rejected defendant's constitutional claims. (*Ibid.*)

While the appeal was pending in this court, defendant petitioned the San Bernardino Superior Court for a writ of habeas corpus, on the same ground on which he had appealed: that the trial court "failed to make the independent determination that death was the appropriate sentence in Petitioner's case, notwithstanding the jury's imposition of a sentence of death."

In support of his claim, defendant provided certain evidence that he describes to us as "extrinsic to the record on appeal . . . ." The evidence consisted of a declaration by defendant's counsel. We set forth the relevant paragraphs in full:

"3.   On or about July 27, 1989, at my request, Deputy District Attorney David Whitney and I met with the original trial judge in this matter, the Hon. Robert N. Krug of the San Bernardino County Superior Court, in his chambers. We provided him with copies of the portions of the trial transcript and the Settled Record Statement that are exhibits hereto. We also referred him to the California Supreme Court's decision in *People* v. *Rodriguez* (1986) 42 Cal.3d 730, 792-794 [230 Cal.Rptr. 667, 726 P.2d 113].

"4.   On or about July 31, 1989, Mr. Whitney and I spoke again with Judge Krug. Judge Krug informed us that, if he did commit *Rodriguez* error and had the opportunity to modify Petitioner's sentence, he still would be disposed to reduce the sentence to life imprisonment without possibility of parole, because he still believes that the death penalty is not appropriate in this case."

Armed with the petition and accompanying declaration, defendant obtained habeas corpus relief from San Bernardino County Superior Court

Judge Ben T. Kayashima, in the form of an order directing Judge Krug to hold a new section 190.4(e) hearing.

The transcript of the ensuing hearing does not reveal that Judge Krug believed he had misunderstood his duty under subdivision (e) of section 190.4. Rather, Judge Krug wondered aloud whether another department of the trial court had the authority to order him to reconsider his ruling of more than six years before—a question the parties do not raise and we do not address—and proceeded, after a long recitation of his reasoning, to deny defendant's new motion to modify the verdict and impose a sentence of life imprisonment without possibility of parole.

Defendant appealed from Judge Krug's order denying once again his motion to modify the sentence.[1] The People, for their part, had already appealed from Judge Kayashima's order granting habeas corpus relief by the time the second section 190.4(e) hearing took place. Because defendant's automatic appeal to this court from the judgment of death (§ 1239, subd. (b)) was pending at the time, we ordered the cases transferred here on our own motion. (See Cal. Rules of Court, rule 27.5(a).)

Defendant contends on appeal that the trial court again erred as a matter of state law in applying section 190.4, subdivision (e), and thereby also violated certain asserted constitutional rights. The People assert that Judge Kayashima lacked the authority to grant habeas corpus relief and order Judge Krug to conduct a new section 190.4(e) hearing because the issue raised by the petition for writ of habeas corpus was also raised in the pending appeal to this court and could be decided on appeal.

We agree with the People that the writ was unavailable and Judge Kayashima lacked the authority to issue the order to show cause.

The question is governed by *France v. Superior Court* (1927) 201 Cal. 122 [255 P. 815, 52 A.L.R. 869] (*France*). Defendant argues that the decision is "antiquated and both procedurally and legally inapposite." We cannot agree.

The *France* defendants appealed their convictions to the district Court of Appeal. That court affirmed in part. Then, before the remittitur was filed in Superior Court, and on the authority of another recent Court of Appeal decision, defendants petitioned for a writ of habeas corpus and won an order

---

[1] Judge Krug also wondered if the original judgment had been vacated and must be reinstated. The parties do not raise the issue in their briefs on appeal and we decline to consider it here. Because the court lacked authority to issue the order to show cause, the judgment in *Mayfield I, supra, ante,* at page 142, remains in effect and the disposition of this case has no effect on it.

releasing them from confinement. While the defendants awaited a new trial, we overruled the Court of Appeal decision on which the trial court had relied in granting the writ petition. The district attorney then sought an order to enforce the original judgment of conviction, to the extent affirmed by the Court of Appeal, and have the defendants conveyed to state prison. Apparently before the trial court could act on the district attorney's motion, the defendants sought a writ of prohibition in this court to prevent enforcement of the judgment. We issued an alternative writ. Respondents argued before us that while the appeal from the original judgment of conviction was pending in the Court of Appeal the superior court could not entertain the application for habeas corpus relief.

We agreed, holding that "a trial court, after an appeal from a judgment of conviction rendered by it in a criminal action has been perfected, is without authority to discharge through *habeas corpus* proceedings the appellant during the pendency of said appeal, for any error, defect, or other infirmity appearing or existing in the proceedings taken in said action which was or might have been legally presented to said appellate court on said appeal. . . . It may be conceded that the superior courts of the state have concurrent jurisdiction with the appellate courts in *habeas corpus* proceedings [see Cal. Const., art. VI, § 10], but this does not mean that they have the power to interfere with the appellate jurisdiction of [the appellate] courts in matters pending before said appellate courts . . . ." (*France, supra*, 201 Cal. at pp. 131-132.)

As we described more fully above, on automatic appeal from the judgment in *Mayfield I*, defendant contended the trial court erred in denying his motion under section 190.4, subdivision (e). The claim could have been decided on the record on appeal; indeed, we did decide it—adversely to defendant. (*Mayfield I, supra, ante,* at p. 196.) Therefore the San Bernardino County Superior Court lacked authority to grant the writ petition. (*France, supra*, 201 Cal. at pp. 131-132; see also *Eyman* v. *Cumbo* (1965) 99 Ariz. 8 [405 P.2d 889, 891] and *State* v. *Gurecki* (1954) 233 Ind. 383 [119 N.E.2d 895, 898] [both cases citing *France* and describing trial courts as lacking authority to entertain a petition for habeas corpus relief while a criminal appeal is pending and the relief sought in the petition is based on a ground that was or could have been raised on appeal].)

Two additional points require brief discussion. First, defendant contends his case is distinguishable from *France, supra*, 201 Cal. 122. Citing a dictum in *In re Ketchel* (1968) 68 Cal.2d 397 [66 Cal.Rptr. 881, 438 P.2d 625], he reasons that because he presented new evidence that the trial court erred in ruling at the first section 190.4(e) hearing, his habeas corpus petition was not

"inextricably connected" (*id.* at p. 399, fn. 2) with his direct appeal, and therefore the writ was available.

We need not revisit our dictum in *In re Ketchel, supra,* 68 Cal.2d at page 399, footnote 2. That case is distinguishable in two respects.

First, *Ketchel*'s footnote provided a trial court order that the San Quentin Prison warden allow a psychiatric examination of a condemned prisoner did not "in any way interfere with, nor is it '[inextricably] connected' with, this court's disposition of the subject matter of the appeal." (68 Cal.2d at p. 399, fn. 2.) In this case, the superior court's order finding error in another department's adjudication of the automatic motion to modify the verdict plainly interferes with the disposition of that issue on appeal, given that it could be raised and was pending on appeal at the time the court issued its order. Nothing in *Ketchel* suggests that a superior court may decide an issue pending before this court.

Second, in this case no additional relevant evidence was proffered in support of the petition. Counsel's declaration stated that "*if* [Judge Krug] did commit *Rodriguez* error and had the opportunity to modify Petitioner's sentence, he still would be disposed to reduce the sentence to life imprisonment without possibility of parole . . . ." (Italics added.) There was no evidence that Judge Krug actually believed he had committed any error, such as a declaration by him; indeed, Judge Krug's comments at the beginning of the second section 190.4(e) hearing, when he wondered aloud if one department of the San Bernardino County Superior Court could order another to hold the new hearing, and the court's denial of the renewed motion to modify the verdict, indicate a contrary belief.

Nor could any new evidence have been offered on the point even if defendant had managed to persuade Judge Krug to state that he believed he had in fact violated legal principles enunciated in *People* v. *Rodriguez* (1986) 42 Cal.3d 730 [230 Cal.Rptr. 667, 726 P.2d 113]. Whatever a trial court might conclude in hindsight about the *legal* validity of a ruling is irrelevant to a question on appeal whether the court in fact erred, because the matter is for the reviewing court to decide after examination of the record and the law.

We note that both parties advert to *In re Baker* (1988) 206 Cal.App.3d 493 [253 Cal.Rptr. 615]. In that case, unlike the instant matter, the defendant applied, in the Court of Appeal, for authorization to file a petition for writ of habeas corpus on the ground of ineffective assistance of counsel. The defendant had raised the same issue on appeal and had stated on appeal that resolution of the issue would depend on evidence outside the record. The

Court of Appeal denied the motion "without prejudice to counsel filing the same petition with the trial court." (*Id.* at pp. 496-497; accord, *id.* at p. 498.) The Court of Appeal held that under those circumstances it "ha[d] suffered no interference; it ha[d] exercised its discretion not to hear the matter in the first instance." (*Id.* at p. 499.) No similar procedure occurred here.

Because on the People's appeal in case No. S015322 we decide that the writ was unavailable from the San Bernardino County Superior Court, we do not consider on the merits defendant's claim, in case No. S015323, that the trial court once again misapplied subdivision (e) of section 190.4, and thereby erred under state law and violated provisions of the federal Constitution.

The superior court's order directing the trial court to hold a new hearing on defendant's motion to modify the verdict is reversed (No. S015322). Defendant's appeal (No. S015323) is dismissed as moot.

Lucas, C. J., Panelli, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.